IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOE D. RATLIFF                                                                                          PLAINTIFF

vs.                                            CASE NO. **5:04CV00047GH**

GUARANTEE LIFE INSURANCE
COMPANY                                                                                              DEFENDANT

**ORDER**

Plaintiff filed this action pursuant to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. seeking partial disability benefits under an employee welfare plan sponsored by his former employer, BKD, LLP (BKD). BKD provides disability benefits to eligible employees under a group disability policy issued to BKD, LLP, Policy Number GL000010032202 (Plan). The Plan is insured by Jefferson Pilot; BKD is the Plan Administrator; and Jefferson Pilot is the Claims Administrator.

Plaintiff was a partner in the accounting firm of BKD. On January 16, 2003, he submitted a claim for long term disability benefits (LTD). He listed as his physicians J. Wm. Nuckolls, M.D., and David C. Hicks, M.C. He stated that he suffered from chest pain and had first been diagnosed with his condition in 1990. Plaintiff further stated that his company required him to work 2700 hours per year, and that his physician advised him to work no more than 40 hours per work. At the time of the application, plaintiff was still working as an accountant. Plaintiff was terminated by BKD on May 31, 2003 because he voluntarily reduced his hours.

Plan participants are entitled to Partial Disability benefits when, according to the Plan, the employee is unable to perform one or more of the material substantial duties of

-1-

an employee's regular occupation, or unable to perform such duties full-time; and is engaged in Partial Disability Employment.  Full-time means the average number of hours the employee was regularly scheduled to work at his regular occupation.  Partial Disability Employment means the employee is working at his occupation but because of a partial disability, the employee's hours or production are reduced; one or more main duties of the job are reassigned; or the employee is working at a lower paid occupation.  Partial Disability Monthly Benefits will be paid after the elimination period if the employee is (1) disabled; (2) engaged in partial disability employment; (3) earning at least 20 percent of predisability income when partial disability employment begins; (4) under the regular care of a physician; and (5) submits proof of continued partial disability, physician's care and reduced earning to the insurer upon request.

There are few medical records in support of plaintiff's claim for disability benefits. Dr. Nuckolls completed a physician's statement  dated January 3, 2003.  He noted that plaintiff suffered from coronary artery disease, but stated that there is nothing that plaintiff should not do, although he needed to diet and exercise to reduce his stress.  Because of this, Dr. Nuckolls recommended that plaintiff decrease his work hours to forty a week so that he could reduce his stress and take care of himself.  On January 6, 2003 Dr. Nuckolls wrote to defendant to further explain his January 3rd rating.

> This is a rather unusual situation in that Mr. Ratliff is not disabled.  I wrote a letter on September 10, 2002, which was address to "To Whom It May Concerned" [sic] that , due to health reasons, he should restrict his activity to forty hours a week.  As is documented in the copies of various medical records of his, Mr. Ratlitff has had coronary bypass procedure and has multiple risk factors including exogenous obesity, hypertension, coronary artery disease, diabetes mellitus, and hyperlipidemia.  . . .
>
> His work schedule as a CPA apparently involves a lot of stress and long hours.  This stress is not good for him and the long hours apparently keep him from leading an appropriate lifestyle, such as exercise.  I feel that if he were limited to forty hours a week, he would be able to better take care of himself, exercise, check his sugars, pay more attention to his diet, and have less stress.  If he did work only forty hours a week and took advantage of the time off to do the above and corrected his obesity, then I think his chance for another coronary event would be greatly reduced.  If he continues his

current work schedule and lifestyle, then I think it is likely that he will have another coronary event in the near future, i.e., within the next several years.

Dr. Nuckolls also stated that Dr. Hicks, plaintiff's cardiologist, had not placed any limitations on plaintiff.

Plaintiff also submitted medical records from his cardiologist, David C. Hicks. Dr. Hicks noted that plaintiff had an inferior infarction in 1990 and angioplasty of his coronary artery at that time. He developed unstable angina and had emergency coronary artery bypass grafting times three in March 2001. In an Office Visit report dated August 5, 2002, Dr. Hicks found plaintiff to be stable, and instructed plaintiff not to return for an office visit for another six months.

Defendant denied plaintiff's claim for LTD benefits on April 25, 2003. Defendant noted that the information obtained from Dr. Nuckolls did not evidence a disability or conditions which prevent plaintiff from performing each of the main duties of his occupation.

Plaintiff appealed defendant's decision on May 9, 2003, but did not submit any new or additional information. He argued that because he had decreased his working hours to 40 per week, he was engaged in Partial Disability Employment and entitled to Partial Disability benefits. Defendant, on June 23, 2003, denied plaintiff's claim for partial Disability benefits, finding that plaintiff failed to establish that his medical condition was disabling at the time he reduced his hours, i.e., that there was no proof that plaintiff is currently partially or totally disabled due to his coronary condition, or that his condition currently restricts him from performing the duties of his occupation on a full time basis.

Plaintiff again appealed defendant's decision, submitting a letter from Dr. Nuckolls dated October 15, 2003. In his letter, Dr. Nuckolls states:

> As I understand it, Mr. Ratliff is required to work 3,000 hours per year as a partner at BK&D. A person working 40 hours a week for 52 weeks would work 2,080 hours. Mr. Ratliff's health problems include two stents for coronary artery blockage. He has a number of risk factors, which if not controlled would statistically increase his change of having another coronary event which could be lethal. Those risk factors include exogenous obesity,

hypertension, diabetes mellitus, hyperlipidemia and stress.

If he continues to work 3,000 hours per year this will certainly increase his level of stress over a person who works one-third that much, i.e. 40 hours per week.  If he were to work 40 hours per week, he would have more time for dealing with his other risk factors.  I think he would be able to watch his diet better as he would have time to plan a healthy diet instead of eating junk food "on the go." He would also have time for the appropriate amount of exercise that he should get and would be able to check his blood sugars as they need to be checked and hopefully bring this under control.

The gist of this is that if he continues to work 3,000 hours per year, I am concerned that he would not be able to modify his risk factors as they should be modified.  If he were to work a 40 hour week and if he were to take advantage of this time to modify his risk factors he should statistically improve his chances for longevity.

On December 18, 2003, defendant denied plaintiff's appeal.  Defendant found that the medical evidence did not support a finding of totally or partially disabled under the terms of the Plan.   Defendant noted that the medical records did not show that plaintiff was under the regular care of a physician as required by the Plan.

Where a plan gives the administrator "discretionary authority to determine eligibility for benefits," the Court reviews the administrator's decision for an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Here, the plan provides defendant with discretionary authority to determine eligibility for benefits.

Under the abuse of discretion standard, the administrator's decision will be upheld if it is reasonable, that is supported by substantial evidence.  *Fletcher-Merit v. Noram Energy Corp.*, 250 F. 3d 1174, 1179 (8th Cir. 2001).  "While the administrator's decision need not be supported by a preponderance of the evidence, there must be 'more than a scintilla.'" *House v. Paul Revere Life Ins. Co.*, 241 F.3d 1045, 1048 (8th Cir. 2001) (citation omitted).   Thus, the Court may only overturn the administrator's decision if it is found to be arbitrary and capricious, that is, unreasonable or unsupported by substantial evidence in the record.

The Court cannot find that the decision is unreasonable or arbitrary and capricious. The record does not support that plaintiff suffers from a disability but will only suffer the

possibility of another coronary event if he continues his current lifestyle.  A person is not disabled based on what might happen in the future.

Plaintiff suffered from coronary artery disease since 1990 and continued until June 1, 2003, to work at his job as an accountant.  There was no medical event that triggered plaintiff's application for LTD benefits; rather plaintiff was responding to his physician's advise to reduce his stress and other factors that put plaintiff at risk of another heart attack. Plaintiff voluntarily reduced his hours which caused his employer to terminate his position. Plaintiff's actions does not amount to a finding that he is partially disabled under the plan. Rather, plaintiff reduced his hours to change to a healthier lifestyle

Plaintiff further argues that defendant's action is discriminatory in that a female partner received partial disability benefits.  Section 510 of ERISA,  29 U.S.C. § 1140, provides protection from discrimination "that interferes 'with the attainment of any right to which such participant may become entitled under the plan.'" *Jefferson v. Vickers, Inc.*, 102 F. 3d 960, 964 (8th Cir. 1996).  Discrimination claims under ERISA are analyzed under the burden-shirting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-05 (1973).  *See Id.*   Plaintiff has not provided any case law to support that he can state a discrimination claim for denial of benefits against the insurer.  As defendant is not plaintiff's employer, defendant took no adverse employment action against him.  Furthermore, that defendant granted benefits to one covered employee but not another does not establish discrimination.  Defendant has the discretion to determine who is eligible for benefits, and determinations are made on an individualized basis.  Because each person's medical record is unique, plaintiff cannot establish that he is similarly situated to the female employee.

In sum, the Court finds that the Administrator's decision is supported by substantial evidence and that plaintiff is not entitled to disability benefits under the Plan.

Accordingly, the complaint is hereby dismissed with prejudice.

IT IS SO ORDERED this 24th day of April, 2006                  .

                         _____
                         UNITED STATES DISTRICT JUDGE